OSTRANDER and Wife *v.* SPICKARD and Others.

OSTRANDER
v.
SPICKARD.

Previously to the R. Statutes of 1843, a testator devised certain goods to his wife and the residue of his property, real and personal, to his children. The devise to the wife was not said to be in lieu of dower, nor would her taking dower overturn the will. After the testator's death, the widow released her claim by dower (as it was called) on the personal estate, except the provision made for her in the will. She afterwards claimed dower in the real estate; and it was held that she was entitled to it.

8b 227
127 358

8b 227
132 393

ERROR to the *Warren* Circuit Court.

PERKINS, J.—Petition for dower. Petition denied. The application was filed by *Matilda Spickard* at the *September* term, 1842, of the *Warren* Circuit Court. During the pendency of the proceedings, the petitioner intermarried with *George G. Ostrander*, who, by suggestion pursuant to the statute, was made a party. Commissioners were appointed who made an assignment of dower. On the coming in of their report, the heirs of *John Spickard*, whose widow the petitioner was, appeared, and being minors, a guardian *ad litem* was appointed on their behalf. The guardian answered, setting up a defence. The remaining facts will sufficiently appear by the following agreed case, made by the attorneys of the parties.

Monday,
November 30.

"It is agreed that on the hearing of this cause the petitioner proved, to the satisfaction of the Court, every fact necessary to her recovery of dower in the land mentioned in her petition, but for the following instrument proved ˙and read in evidence on the part of the defendants:

'Know all men by these presents that I, *Matilda Spickard*, widow of *John Spickard* late of *Warren* county, *Indiana*, deceased, for and in consideration of the provisions for me made in the last will and testament of my late husband, do hereby release and relinquish all other rights and claims, by dower or otherwise, upon the estate of my late husband, the said *John Spickard*, deceased, personal; except those provisions contained and made for me in said will. In witness whereof, I have hereunto set my hand and affixed my seal this 16th day of *July*, 1840. *Matilda Spickard*, (SEAL.) Attest, *M. Q. Simpson*, *Barnabas Dawson*.'

It is further agreed that said instrument, as originally

drawn, contained, after the word 'deceased,' the words 'both real and;' and that said *Matilda* executed the instrument with those words stricken out. The defendants further proved and read in evidence the following last will and testament:

'In the name of God, amen, I, *John Spickard* of *Warren* county, *Indiana*, do hereby will and bequeath unto *Matilda*, my wife, all the goods and chattels and moveable property of any kind with the increase thereof, that belonged to her at the time of our marriage; also eight acres of the corn now growing on my farm. All the remainder of my property, both real and personal, after paying my honest debts, I will and bequeath to my six children to be equally divided among 'them, to wit, *Mary*, *George*, *John*, *Martha*, *Sarah*, and *Benjamin Spickard;* and I hereby appoint *Ephraim B. Tillotson* executor of this my last' will and testament, provided my executor shall only sell sufficient property to pay my debts, to be selected out of the property last mentioned for my family; the remainder to continue on the farm for the use of my children; and further, that my wife, *Matilda*, remain on the place a reasonable time to manufacture her part of the wool, and have provisions for her support through the coming winter. *John Spickard*, (SEAL.) Signed, sealed,' &c.

Upon which state of facts the Circuit Court dismissed the petition. Now if the said instrument signed by the said *Matilda*, and the said will, bar the said *Matilda* of dower, and the said instrument was her election to take under the will, then the decision of the Circuit Court is to be affirmed; if otherwise, to be reversed," &c.

In examining this case, it will be proper to ascertain in the first place, what were the rights of the widow under this will, before her execution of the instrument set up as a bar of her claim to dower. By the law of *England* prior to the 1st of *January*, 1834, and of this state till the coming into force of the Revised Statutes of 1843, a widow might take a provision under the will and dower in the real estate of the testator. She was not restricted to the taking of one, nor could she be compelled to elect between them, except in those cases where "her taking dower would operate to overturn the will," or where "the gift to her was said to be in recom-

pense or satisfaction of dower." 8 Petersd. Abr. 483.—1
Ves. Sen. 230.—3 Ves. 249.—1 Cox, 447.—2 Freem. 234,
.241. This case is governed by the law as it existed prior to
the R. Statutes of 1843; and by that law, it is very clear
that the widow was entitled both to the provision made for
her in the will, and to her dower. The gift to her in the
will was not said to be in satisfaction of dower, and her
taking the latter was not inconsistent with a single clause in
the will, much less with the whole will.

The petitioner, then, before signing this alleged release,
being legally entitled to the provision referred to in it, and
also to her dower claimed in this proceeding, the question is
whether the said release is a bar to the dower right? Most
clearly it is not. Without searching for other reasons why
it cannot have that effect, it is sufficient to say that it does
not, by its terms, embrace that right. It does not purport to
release her dower. It is true, the word dower is made use of
to designate the interest relinquished; but it is expressly
limited to her dower in the personal estate. The term is im-
properly used. Technically speaking, there is no dower in
the personalty. The misapplication of the term, however, is
too palpable to mislead any one, or to prejudice the peti-
tioner's rights in violation of her manifest intention. The
Revised Statutes of 1843, p. 431, s. 101, have changed the
law upon this subject in this state; and by an act of the
*British* parliament, which took effect *January* 1, 1834,
great alterations have been made in the law regulating
dower in *England*. Williams on R. Prop. 175. Those
changes are unimportant in the decision of this case.

*Per Curiam.*—The judgment is reversed with costs.
Cause remanded, &c.

*H. S. Lane* and *S. C. Willson*, for the plaintiffs.
*R. C. Gregory*, for the defendants.