## Giles *v.* Gullion.

Where a demurrer is sustained to an answer, the Court, if the defendant does not ask leave to amend, may proceed to judgment for the plaintiff.

The case of *Strong* v. *Clem*, 12 Ind. R. 37, affirmed.

APPEAL from the *Howard* Court of Common Pleas.

WORDEN, J.—Suit by *Gullion* against *Giles*, on a promissory note for 150 dollars, made by *Giles* to one *Reeder*, and by *Reeder* indorsed to the plaintiff.

Answer that the note was given for a part of the purchase-money for certain real estate purchased by the defendant from one *George Sargaser*, who had purchased the same from *Reeder;* that at the time of the purchase from *Sargaser*, he was still indebted to *Reeder*, his vendor, for the purchase-money for said land, and the defendant assumed *Sargaser's* indebtedness to *Reeder*, and gave his own notes, one of which is the foundation of this suit, there being another note given as above for 50 dollars, to fall due hereafter; that at the time of *Sargaser's* purchase from *Reeder*, *Reeder* and wife (she then being under twenty-one years of age, and her father, who was living at the time, not consenting to said conveyance in manner and form as contemplated by law,) joined and conveyed said land to *Sargaser*, but said wife, being a 'minor, neither did nor could release her right of dower in the premises; that *Sargaser* and wife conveyed the premises to defendant for 1,200 dollars, all of which has been paid except the two notes above mentioned; that at the time of de-

fendant's purchase, Mrs. *Reeder* had a contingent right of dower in the premises, of which the defendant, at the time, was entirely ignorant; that Mrs. *Reeder* has since arrived at majority, and the defendant has purchased in from her and extinguished her right of dower in the premises, at and for the sum of 100 dollars, paid to her by defendant, and that she has released to him all her right and title in the premises; wherefore, the consideration of the note has failed to the extent of 100 dollars, &c.

A demurrer was sustained to this answer; and on the defendant's failing and refusing to make further answer, final judgment was rendered for the plaintiff for the amount of the note and interest.

Two points are made by counsel for the appellant—

1. That the Court erred in sustaining the demurrer to the answer.

2. That the Court erred in rendering judgment against the defendant below, on sustaining the demurrer, without the defendant, by rule, being required to plead over.

Without stopping to inquire whether the answer would be otherwise valid, there is one point that is fatal to it. The note sued on bears date in *January*, 1852. The conveyances mentioned must have been executed at or before that time. There is no allegation of *Reeder's* death, and, for aught that appears, he is still living. It has already been determined that, in estates aliened by the husband previously to the taking effect of the revised code of 1852 (*May* 6, 1853), a married woman has no right of dower, or other interest, in the land, unless the right was made consummate by the death of the husband before the taking effect of the code. *Vide Strong* v. *Clem*, 12 Ind. R. 37.

Thus it appears that Mrs. *Reeder* had no dower or other interest in the land which could have been an incumbrance, and, consequently, there was nothing for the defendant to purchase in, in order to make his title perfect.

The demurrer was correctly sustained.

We are of opinion that the second point is not well taken. We are referred to § 382 of the code. That provides that "the judgment upon overruling a demurrer,

shall be that the party shall plead over," &c. This provision has no application to the case before us, because here the demurrer was sustained, not overruled. We think that upon a demurrer to an answer being sustained, if the defendant wish to amend, he should ask and obtain leave to do so; and if he fail and refuse to make such amendment, it is entirely correct to render final judgment against him, without any rule against him to make such amendment, or answer over, as was done in this case.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*N. R. Lindsay* and *T. J. Harrison*, for the appellant.
*J. Green*, for the appellee.