HARDING *et ux. v.* THE THIRD PRESBYTERIAN CHURCH.

DOWER—LIMITATION.—In 1837, *A* was a married woman, and her husband owned real estate, which, in 1838, he sold and conveyed by a deed in which she did not join. She was, at the time, a minor, and attained her majority on the 23d day of *April*, 1842, and on the 30th day of *January*, 1862, she filed her petition for the assignment of dower in said real estate.

*Held*, that her right thereto was not barred, and that the same is governed by the statute of 1843, on the assignment of dower, (R. S. 1843, p. 811, § 112, and others,) which is continued in force by § 4, p. 431, 1 R. S. 1852.

PLEADING—SURPLUSAGE.—Where a complaint contains all the averments necessary to show the plaintiff's right to the relief demanded, and also other averments which are unnecessary and immaterial, such averments will be deemed mere surplusage.

APPEAL from the *Marion* Circuit Court.

WORDEN, J.—Petition for dower. The petition alleges that: *Martha A. Harding*, whose maiden name was *Martha A. Wood*, in the year 1837, intermarried with *Elliott K. Foster*, now deceased; that in *June*, 1838, the said *Foster*, being then and there the owner in fee simple of certain real estate described in the petition, conveyed the same to *Levy Comegys* and *Peter Winchell*; that the said *Martha A.*, being then and there the wife of said *Elliott K. Foster*, did not join in the said conveyance, nor did she, in any manner whatever, relinquish her right of dower in said premises. That on the 7th of *September*, 1838, the said *Elliott K. Foster* died, leaving said *Martha A.* his widow, who at the time of the death of *Elliott K.*, and until the 23d of *April*, 1842, was a minor under 21 years of age; that said *Martha A.* has intermarried with *Thomas W. Harding*, who is joined as plaintiff herein; that the defendant is now the owner in fee simple of a certain portion of the above described premises, which portion is de-

scribed; that before the commencement of the suit dower was demanded, &c. Prayer that dower be assigned, &c.

To this petition the defendant answered. The record contains an answer in four paragraphs, but they are numbered 1, 2, 3, 4 and 5. The first is a general denial. The others set up new matter. To the others the plaintiffs demurred, but before the demurrer appears to have been ruled upon by the Court, the plaintiffs replied to them; hence no question arises as to the sufficiency of these paragraphs. The second paragraph of the answer is as follows: "The defendant further answering, says: that the supposed cause of action in the complaint mentioned did not accrue within 20 years next before the bringing of this suit." To this the plaintiffs replied: "that at the time of the death of *Elliott K. Foster*, to-wit: on the — day of *September*, 1838, she, the said *Martha A.*, was a minor under the age 21 years, and that she did not attain the age of 21 years until the 23d day of *April*, 1842, and that this action was commenced within 21 years from said 23d day of *April*, 1842."

A demurrer was sustained to this reply, and the plaintiff excepted. There being no further reply to the second paragraph of the answer, final judgment was rendered for the defendant.

The only important question in the record is, whether the reply to the second paragraph of the answer was good. This question makes it necessary to determine what statute of limitations governs the case. By the statutes of 1852 dower is abolished, except such rights as had already vested. *Strong v. Clem*, 12 Ind. 37.

There is no provision in the limitation law of 1852 which is expressly applicable to dower. As dower was thus abolished, and as the Legislature had continued in force the old law providing for the assignment of dower where it had vested, there was no need of such limitation in the law of

1852. The law of 1852, however, contains, the following provision, after providing, amongst other things, that actions for the recovery of the possession of real estate shall be brought within 20 years, viz: "All actions not limited by any other statute, shall be brought within 15 years. In special cases, where a different limitation is prescribed by statute, the provisions of this chapter shall not apply." 2 R. S. 1852, p. 76, § 212. Were there no other statute governing the subject, perhaps the one above, requiring actions for the recovery of the possession of real estate to be brought within 20 years, or the one limiting other actions to 15 years, might apply to actions for the assignment of dower. But the Legislature have otherwise provided. The following provision is found in 1 R. S. 1852, p. 431, § 4: "The law providing for the assignment of dower shall continue in force, so far as rights of dower vested under existing laws are concerned."

The law providing for the assignment of dower, then in force, was continued in force. The law thus continued in force is found in the Rev. Stat. of 1843, commencing on p. 803. A part of the law thus continued in force is the following, p. 811, § 112: "A widow shall not demand nor recover her dower after the expiration of 20 years from the death of her husband, but if at the time of such death she be under the age of 21 years, or insane, the time during which such disability continued, shall not form any part of said 20 years."

This provision, in our opinion, is the one, and the only one, applicable to the case.

Tested by this provision, is the replication good? We think it is clearly. It shows that the plaintiff, *Martha A.*, did not become 21 years of age until the 23d of *April*, 1842, until which time the statute did not commence running against her. The reply might have stopped here, and it would have been abundantly good, but it is added that the action was commenced within twenty-*one* years from the 23d of *April*,

1842. The pleader undoubtedly designed to aver that the action was brought within *twenty* years, &c.

The whole allegation may be regarded as surplusage. The substance of the reply is, that up to the day named the said *Martha* was an infant. The complaint in the case was filed on the 30th of *January*, 1862, and the defendant having been summoned, appeared, and on the second day of the term, which commenced on the 25th of *March*, 1862, filed the answer in question. The Court could take notice, without any averment to that effect, that 20 years had not elapsed from the 23d of *April*, 1842, up to the time these proceedings took place. The demurrer to the replication should have been overruled.

But it is insisted by the appellee that there was a third paragraph of an answer which was not replied to, and hence the judgment for the defendant was proper. There is no such paragragh in the record. If there was a paragraph of the answer, to which no replication was filed, and upon which the appellee relies to sustain the judgment, proper steps should have been taken to correct the transcript by having the paragraph sent up.

*Per Curiam.*—The judgment below is reversed with costs, and the cause remanded.

*Colerick & Jordan*, for the appellants.

*David McDonald* and *H. B. Newcomb*, and *Barbour & Howland*, for the appellee.