## GALBREATH v. GRAY et al.

DOWER.—Where a married man, owning real estate, sold and conveyed the same, his wife not joining in the conveyance, and died, before the taking effect of the Code of 1852, the widow's right of dower in such real estate became fully vested, and she is entitled to have the same assigned to her under the provisions of the Code; 1 R. S. 431, § 4; and, in such case, she is entitled to recover damages for withholding dower at the rate of one-third of the annual value of the mesne profits of the lands of which dower is claimed, to be computed from the time of demand of dower; R. S. 1843, p. 807.

PARTIES.—In an action for the assignment of dower, all persons owning portions of the land of which dower is claimed are proper parties.

APPEAL from the Wayne Circuit Court.

DAVISON, J.—This was a proceeding by the appellant, who was the plaintiff, against James Gray and Joseph Gray, for the appointment of commissioners to assign and set off to the plaintiff her dower interest in certain land in Wayne county, known as the north-west quarter of section 3, in township 15, north of range 12, east. The complaint alleges, in substance, these facts:

The plaintiff is the widow of William Galbreath, who died in 1851. Prior to his death, viz., on October the 4th, 1839, he purchased the land described of one Morgan Reese, and received from him a deed of conveyance in fee-simple. The title thus conveyed had been acquired by Morgan Reese under and by virtue of the last will of his father, John Reese, who died in possession of the land. William Galbreath, in his lifetime, and while he was the plaintiff's husband, to wit, on July the 24th, 1840, by deed in fee, conveyed the land to one John S. Newman, but the plaintiff did not join in the conveyance. After this, Newman conveyed the same land to Othniel

Galbreath *v.* Gray et al.

*Beason;* and afterwards, *Beason* conveyed the same to *Michael Myers,* who conveyed the east half of it to the defendant, *James Gray,* and the west half to *Joseph Gray,* the other defendant. The defendants, by virtue of these conveyances, became the owners of the land, excepting the undivided one-third part thereof, which is claimed by the plaintiff as and for her dower.

It is averred that the defendants have occupied and cultivated the land for the space of two years next prior to the 1st of *April,* 1859; that the yearly rental value of the east half of it—the part cultivated by *James Gray*—is 150 dollars; and of the west half—cultivated by *Joseph Gray*—250 dollars; and that on the said 1st of *April,* 1859, she made a demand on the defendants to assign and set off her dower in the premises, according to law, but they failed and refused to do so.

Plaintiff also, at the same time, demanded of *James Gray* one-third the rental value of the east half, and of *Joseph Gray* one-third the rental value of the west half; but these demands were severally refused, &c.

The relief sought is, that dower be assigned in the mode prescribed by law, and that plaintiff recover damages, &c., and have general relief, &c.

Defendants demurred on two grounds: 1. The complaint does not state facts sufficient to constitute a cause of action. 2. There is a misjoinder of parties. The Court sustained the demurrer, and rendered final judgment, &c.

As has been seen, *William Galbreath,* on the 24th of *July,* 1840, was the owner in fee of the land of which dower is claimed. At that date, and previously thereto, he was the husband of the plaintiff, and he then and there conveyed the same land to *John S. Newman,* she, the plaintiff, not joining in the conveyance. *Newman* conveyed the land to *Beason,* who conveyed it to *Myers,* and he conveyed to the defendants.

Galbreath *v.* Gray et al.

*Galbreath* died in the year 1851, leaving the plaintiff as his widow. Under the statutes in force, when he conveyed to *Newman,* his conveyance did not bar her right of dower; and that right—his death having occurred prior to the revision of 1852—became vested.

In view of the alleged facts, the plaintiff, it seems to us, is entitled to the dower which she claims, and, under the statutes now in force, she has the right, by suit, to assert her claim. 1 R. S. 431, § 4. Defendants can not be allowed to ,say that *Galbreath,* when he conveyed, had no valid title, because the validity of their title depends upon his right to convey to *Newman.*

It may be noted that this case is not within the rulings in · *Strong* v. *Clem,* 12 Ind. 37, because *there* the husband died after the taking effect of the statute of 1852, abolishing dower, and substituting in lieu thereof a fee-simple of one-third of the lands of which the husband " shall die seized." *Id.* 250, §§ 16, 17.

When, as appears by the complaint, *Galbreath* died, and his widow's right of dower became vested, the revision of 1843 was in force, and, under its provisions, the widow, if in a case of this sort she recovers dower, is also entitled to recover as damages, for withholding it, one-third part of the annual value of the mesne profits of the lands of which dower is claimed, to be computed from the time she demanded the assignment thereof. R. S. 1843, p. 807.

If this provision is applicable to the case before us—and we think it is—the allegations in the complaint, respecting the rental value of the land, are not objectionable.

But as a cause of demurrer, it is alleged that "there is a misjoinder of parties." No grounds for this objection are pointed out, nor do we perceive any. The plaintiff's interest is in the entire land; and it was not only her right, but consistent with the ordinary rules of pleading, to make all per-

sons owning portions of the land parties to her suit, and proceed against them jointly. Whether they are jointly or severally liable, or to what extent each of them is liable, is a question to be determined upon a final hearing of the cause. The demurrer was not well taken, and should, therefore, have been overruled.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for further trial.

*G. Y. Atkinson* and *N. B. Taylor,* for the appellant.