JENKINS and Others *v.* DALTON and Others.

PARTITION OF LANDS.—STATUTE OF LIMITATIONS.—A cause of action to
have a partition of lands held by several persons as tenants in common
exists from the date of the tenancy, but a failure to assert the right for a
period of twenty years will not bar an action for partition.

TENANTS IN COMMON.—POSSESSION.—The possession of one tenant in com-
mon is constructively the possession of all, and to disseize a co-tenant there
must be an actual ouster, or such acts as are constructively equivalent to
an ouster, and from which an ouster may be presumed.

PARTITION.—COSTS.—In a proceeding for the partition of lands, two-ninths
of an undivided moiety of the land were set off to the plaintiffs, and in the
final order the court awarded two-ninths of the costs against the plain-
tiffs, and the residue against the defendants.

*Held*, that there was no abuse of the discretion given by the statute as to
the distribution of costs in such cases.

APPEAL from the *Hendricks* Circuit Court.

ELLIOTT, J.—This was a petition for the partition of a tract
of land situated in *Hendricks* county, filed by the appellees
against the appellants. It is stated in the petition, and was
admitted by the parties on the trial, that *Henry Jenkins* and

*David Jenkins* were seized in fee as tenants in common of the tract of land in controversy, and that *Henry Jenkins* died on the 9th of *March*, 1841, intestate and without issue, leaving *Mary Jenkins*, his mother, and also *Sarah Wiley*, *Thomas Jenkins*, *John Jenkins*, *Isaac Jenkins*, *Phebe Hodgins*, *Mary Jenkins*, *Joseph Jenkins*, *David Jenkins*, *Martha Jenkins*, and *Ruth Jenkins*, his brothers and sisters and only heirs at law to his estate; that *Mary Jenkins*, the mother, died in 1842. *Thomas* and *John*, two of the brothers, also died in 1842, intestate, leaving children. *Phebe Hodgins* died in 1851, intestate, leaving children. *Martha Jenkins* died in 1863, intestate, without husband or issue.

The plaintiffs are the children and only heirs of *Thomas Jenkins* and *Phebe Hodgins*, and claim two undivided ninths of the moiety of *Henry Jenkins*, deceased, of the land described in the complaint. The surviving brothers and sisters of *Henry Jenkins*, deceased, and the children of the deceased brothers, *John* and *Joseph*, are the defendants. All the defendants united in an answer of the general denial. The defendants, *Isaac*, *David*, *Mary* and *Ruth Jenkins*, answered: 1. That the cause of action did not accrue to said plaintiffs, or either of them, at any time within twenty years next before the commencement of the suit. 2. The said *David*, *Isaac* and *Mary* filed a second paragraph, alleging that said *Isaac* was the owner in fee of three-tenths of the undivided half of said land, that *Mary* was the owner in fee of two-tenths of said one-half, and that *David* was the owner in fee of one-half of the whole tract, and of one-tenth of the remaining half, as heirs of *Henry Jenkins*, deceased, and by purchase from other heirs of said *Henry*. This paragraph, it may be remarked in passing, alleges nothing inconsistent with the claim of the plaintiffs. 3. *David Jenkins*, in a third paragraph, claimed title to the whole of the land described in the complaint, alleging that he was the owner of one-half thereof in fee simple, and that he held and enjoyed the remaining half by virtue of a parol agreement, made with said *Henry Jenkins*, in his lifetime, that he, said

*David,* would take care of and support *Mary Jenkins,* their mother, and their sisters, *Martha, Mary, Elizabeth* and *Ruth,* so long as they lived or remained on the land with him, *David.* It was also alleged that he had, out of the proceeds of the land, supported his mother and sisters named; the mother, during her life, and the said *Elizabeth* and *Ruth* until they left, a short time prior thereto; and that he had supported, and was then supporting, said *Martha* and *Mary,* in pursuance of said agreement. He also alleged that he had been in the peaceable possession and occupancy of the land, by virtue of his deed to one-half thereof, and the said agreement with *Henry* as to the other half, for twenty years. The court sustained a demurrer to the first paragraph of the answer, setting up the statute of limitations, to which ruling an exception was taken. 4. The defendants, *Isaac, David, Ruth,* and *Mary Jenkins,* then filed a fourth paragraph, alleging that they had had and held the possession of the land in controversy, adversely, for twenty years next before the commencement of the suit. Replication in denial of the second, third and fourth paragraphs of the answer.

The court, to which the cause was submitted for trial by agreement of the parties, found for the plaintiffs, and that those of them who were the heirs of *Thomas Jenkins,* deceased, were the legal owners in fee of one-ninth of the moiety of said land of which *Henry Jenkins* died seized, and that the heirs of *Phebe Hodgins* were the owners in fee of one-ninth of said moiety, and that they were entitled to partition thereof accordingly. Motion for a new trial refused, and judgment, and commissioners appointed to make partition. Partition was subsequently made, and reported to and confirmed by the court. The defendants appealed. The evidence is in the record.

The appellants insist that the court erred in sustaining a demurrer to the first paragraph of the answer. We do not think so. The statute of limitations, in the form in which it is pleaded in that paragraph of the answer, is not applicable to a petition for the partition of lands, claimed, as in

this case, to be held by tenants in common. In such a case, the right to the partition exists from the date of the tenancy. It may or may not be exercised, in the discretion of the tenants. All the tenants have an equal right to possession, and may all be satisfied to enjoy the estate in common. Partition may not be desired by any one or more of the tenants for a period of time greater than that prescribed by any statute of limitation; and the fact that such a period is suffered to elapse, does not in any manner affect the right of one or more of the tenants to have partition.

The question which the defendants intended to present by the first paragraph seems to have been that of an exclusive adverse possession by them, under a claim of title, for the period of twenty years next before the commencement of the suit, which was subsequently presented by the fourth paragraph of the answer, upon which issue was taken.

The refusal of the court to grant a new trial is assigned for error. The reason urged is, that the finding of the court was contrary to the evidence. In this connection we may remark, that we do not regard it as necessary that we should express an opinion upon the validity of the third paragraph of the answer, setting up title in *David Jenkins* to the moiety of the land of which *Henry* died seized, by virtue of a parol agreement with *Henry*, in his lifetime. Issue was taken upon it by the plaintiffs, and the court found that issue against the defendants, and we think the evidence sustains the finding of the court upon the issue made upon that, as well as upon the fourth paragraph of the answer. It is true, that it appears from the evidence that *David Jenkins* was in the joint occupancy and possession of the land with *Henry* at the time of the death of the latter, and continued in possession up to the time of the trial in this case, but not in the exclusive possession. The mother also lived on the land until she died, as did also *Martha* until the time of her death, in 1863; and the two sisters, *Mary* and *Ruth*, lived upon it from the time of *Henry's* death to the time of the trial. It further appeared in evi-

dence, that in 1857 *Isaac Jenkins* purchased the interests of the heirs of *John* and *Joseph Jenkins* and *Sarah Wiley*, and he, too, at the commencement of the suit, was living on the land. No objection seems to have been made by *David*, or either of the sisters, then in possession, to the right or claim of *Isaac* under these purchases. In short, the evidence does not show such an exclusive possession, in any or all of the defendants, under claim of exclusive right, adverse and hostile to the rights and claims of the plaintiffs, for twenty years, as to defeat their title. It is well settled that the possession of one tenant in common is constructively the possession of all, the possession of one being deemed to be for the benefit of himself and his companions; and that to disseize his co-tenants, there must be an actual ouster, or such acts as are constructively equivalent to an ouster, and from which an ouster may be presumed. *Manchester* v. *Doddridge*, 3 Ind. 360. We do not think the court erred in finding that such a state of facts did not exist in this case.

The court taxed two-ninths of the costs in the case to the plaintiffs, and the residue to the defendants, *David, Isaac, Mary* and *Ruth Jenkins*. This order is also complained of. The statute provides, in such cases, that the costs shall be awarded against the partitioners, in such proportion against each as the court may determine. 2 G. &. H.. § 28, p. 366. We do not think the order of the court here presents a case of an abuse of the discretionary power of the court.

The judgment is affirmed, with costs.

*C. C. Nave*, for appellants.

*L. M. Campbell*, for appellees.