Doe on the demise of Harlan and Others *v.* Brown.

To defeat the recovery of a plaintiff in ejectment who produces a regular title, by a title founded in possession, strict proof must be made not only that the possession was from its inception under a public claim of title adverse to that of the real owner, but that both such claim and possession have been continuous and uninterrupted for a period of twenty years before the commencement of the suit.

Where several tenants have, during such period, successively occupied the premises, to make their possession available against the real owner, it must be shown that each one claimed to hold and was in possession under his predecessor.

ERROR to the *Fayette* Circuit Court.

Roache, J.—Ejectment by the heirs of *Joshua Harlan*, for a lot in the town of *Connersville*. Verdict and judgment for the defendant. Motion for a new trial overruled. The evidence is all set out in a bill of exceptions.

*Saturday, May 28.*

The plaintiffs were admitted at the trial to be the heirs of *Joshua Harlan*. They then gave in evidence a deed of conveyance from *John Conner* to their ancestor, dated the 30th day of *November*, 1818. It was further admitted by the defendant that *Joshua Harlan*, in his lifetime, laid out a portion of the land embraced in the deed, into town lots, as a part of the town of *Connersville*, and that the lot No. 87, in controversy in the suit, was one of those lots.

The defence set up by *Brown*, who was admitted defendant under the rule, was an adverse possession by himself and one *Solomon Claypool*, of twenty years. The evidence introduced by him showed that *Joshua Harlan* died about the year 1827; that sometime between 1826 and 1828, *Solomon Claypool*, claiming to be the owner of the lot, leased it for a term of years to be fenced and cleared; that it was accordingly fenced and cleared by the lessee, in one of those years, most probably in 1827; that at the expiration of that lease, he rented it to a tenant to make brick upon it. Shortly afterward, the fence was removed, it does not appear by whom, and the lot remained vacant and unenclosed up to 1843, a period of not less than ten years; but during all that period *Claypool* continuously claimed, and was generally understood, in the neighborhood, to be the owner; that from 1830 to 1845, both inclusive, the taxes on the lot were annually charged to and paid by *Claypool*, in which latter year he died. The tax duplicates, which were in evidence, showed that in 1827, the lot was not assessed to any one; that in 1828 and 1829, it was placed on the duplicate, but was included in the list under the heading of "unknown owners;" and that in neither of those years were the taxes upon it paid by either *Harlan* or *Claypool*.

The defendant also proved by one *Bundrant*, that he had known lot No. 87 since 1837; that it was then unenclosed, and was called the property of *Solomon Claypool*; that in 1843, the defendant, (*Brown*), went into possession of the lot, fenced it and built a house, and has occupied it ever since.

This was all the evidence.

The plaintiffs asked for several instructions to the jury, all of which the Court refused to give. It is unnecessary, however, to examine whether these instructions should have been given, as they were all substantially embraced in the charge which the Court gave. The jury were fully and correctly instructed as to the law of the case. It only remains to examine whether their verdict was sustained by the evidence.

In their instructions, the Court below charged the jury
that a continuous, uninterrupted, peaceable possession of
twenty years, under a claim of title, was necessary to
make out the defence relied on by the defendant, and
that if it was necessary to add the possession of *Brown* to
that of *Claypool*, to make up the twenty years, he, the de-
fendant, must show that he was in possession under *Clay-
pool*. This is the law. (To defeat the recovery of a plain-
tiff who produces a regular legal title, by a title founded
in possession, strict proof must be made not only that the
possession was, from its inception, under a public claim
of title adverse to that of the real owner, but that both
such claim and possession have been continuous and unin-
terrupted. And this continuity must be kept unbroken
through the full period of twenty years. If the chain is
broken at any point within that period, no title is acquired.
In the case where several tenants have, during the time,
successively occupied the premises, to make their posses-
sion available it must be shown that each one claimed to
hold, and was in possession, under his predecessor.
*Brandt* v. *Ogden*, 1 Johns. R. 156.—*Doe* v. *Campbell*, 10
*id*. 475.—*Hawk* v. *Senseman*, 6 Serg. and Rawle, 21.—
*Coburn* v. *Hollis*, 3 Met. R. 125.

In the case under consideration, *Brown* could not make
out the twenty years without connecting his possession
with that of *Claypool*, by showing that he was in under
him. If there was any evidence on this point, we should
not be disposed to disturb the verdict of the jury. But if the
bill of exceptions contains all the evidence, as it purports
to do, there is no proof tending to connect the possession
of *Brown* with that of *Claypool*. Neither one of them
was in possession for a period of twenty years. *Claypool*
was occupying and claiming title for some sixteen years,
from about 1827 to 1843. Then, it is in proof, *Brown*
went into possession; but how, or under what circum-
stances, is not shown. From aught that appears, he may
have gone in as a mere trespasser, against the consent
of *Claypool*. Having totally failed to establish that his
possession of the premises was a continuation of that of

May Term,
1853.

*Claypool*, by showing that he was in under the latter, he has left a chasm in his title which is fatal to the defence he relies on.

The Court should have granted the motion of the plaintiffs for a new trial.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. A. Fay* and *J. S. Newman*, for the plaintiff.

*J. Rariden*, for the defendant.