*J. S. Reid*, for appellant.

*B. F. Claypool*, for appellees.

---

## Helms *v.* Love.

DECEDENTS' ESTATES.—*Sale of Real Estate.—Notice of Petition.—Widow.—Evidence.*—Where real estate of a decedent was sold by the administrator, under an order of court, for the purpose of paying debts of the deceased, but no notice was given of the pendency of the petition for the sale, but a writing containing a waiver of notice and consent to the sale was signed by the widow as guardian of minor heirs, but not in her own right as widow;

*Held*, in an action for partition brought by the widow, that the sale did not pass the widow's one-third of the real estate to the purchaser, and that the record of the proceedings and order of sale were inadmissible in evidence to show the sale of said one-third.

APPEAL from the Carroll Circuit Court.

Downey, J.—The appellant brought this action against the appellee for the partition of certain real estate, of which she claimed that she was the owner of one-third, and alleged that the defendant was the owner of the other two-thirds. She was unsuccessful in the action, and has brought the record to this court, by appeal, for the correction of what she alleges was an error in the circuit court.

The cause was tried by the court, and the proper motion was made for a new trial, and exception taken to reserve the question. The appellant claimed the one-third of the land as widow of George R. Helms, deceased, and the appellee claimed it all under a sale made by the administrator of the estate of the deceased, by order of the common pleas of Hancock county.

.The appellant, on the trial, proved, by the deed of conveyance to her husband, that he was the owner of the land at the time of his decease. She proved, also, his death, and that she was his widow. The appellee offered, in evidence, the record of the Hancock Common Pleas, to prove the sale of the land. To this she objected, but it was admitted over her objection. The record shows the filing of a petition in the usual form, except that the widow was made a party to it as one of the heirs of the deceased. No notice was .given of the filing and pendency of the petition, but the following paper was filed:

"We, the undersigned, heirs-at-law of George R. Helms, deceased, being of lawful age, hereby express our assent to the sale of the following described real estate, situated in," etc., describing the real estate in question, "to make assets to pay the liabilities of said decedent's estate, who was, at the time of his death, the owner of the above-described lands, and we hereby waive notice by publication, as by law required, in compliance with section 77, page 265, 2d volume of the Revised Statutes of Indiana. We, the undersigned guardian of the minor heirs of George R. Helms, deceased, hereby join in assent with the adult heirs of said decedent in the within agreement.

"ELIZABETH J. HELMS,

Guardian of Nancy J. Helms, Jas. W. Helms, Wm. F. Helms.

CYRUS HELMS,

AARON VAIL,

MARY E. VAIL,

SAMUEL AMETT,

ELIZABETH J. AMETT."

Upon this assent, the court ordered the sale of the land. The sale was made, reported, approved, and a deed made by order of the court, to the appellee. It is stated in the petition of the administrator that Nancy J. Helms, James W. Helms, and William F. Helms were minors, and that the other defendants in the petition were adults. The petition prayed for an order for the sale of the whole real estate, and it was all appraised, all ordered to be sold, all sold, and all embraced in the report and deed of conveyance.

The question, and the decisive question, in the case is, did this sale pass the widow's one-third of the real estate? and was the record admissible to show that fact? We think the sale did not pass the widow's one-third of the land, and that the record was improperly admitted in evidence to show that fact. We base our opinion on the fact that the written assent to the sale is not signed by the widow, otherwise than as guardian for her minor children. It does not purport to show any assent by her, in her own right, to the sale of the land. There was no evidence outside of the record to show that she was not the owner of one-third of the real estate.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial, and for further proceedings.

*W. O'Brien*, for appellant.