## SANFORD v. TUCKER ET AL.

PRACTICE.—*Appeal to Supreme Court.—When.—Motion for New Trial After Judgment Part of Original Cause.*—Where, within a year after trial and judgment in a cause involving the title to real estate, an application as of right to vacate such judgment and grant a new trial of such cause is dismissed and exception taken, and notice given to the court that the question of law is reserved, and that an appeal will be taken to the supreme court upon a bill of exceptions only, but such appeal is not taken within a year after such dismissal, still, an appeal of the cause to the supreme court may be taken within three years after such judgment, the entire proceedings therein constituting but one case.

PARTITION.—*Pleading.—Adverse Possession.*—An answer to a complaint for the partition of real estate which does not deny the title alleged therein, but alleges in the plaintiff a different, champertous and void title, and alleges title to the whole of such realty in the defendant by virtue of adverse possession thereof for less than twenty years, under a chain of title based upon a deed executed by the heirs of the.person under whom the plaintiff alleges title, is bad on demurrer.

SAME.—An answer to a complaint for the partition of a tract of real estate, alleging title to the whole of the same in the defendant by virtue of a continued possession thereof for thirty years by the defendant and his. grantors under a deed by the heirs of the original patentee, who 'had died in possession .thereof, being the same person through whom plaintiff claims title by a deed executed by him to the plaintiff's grantors, is bad on demurrer, when the same does not aver such possession to have been adverse to plaintiff's right, and does not aver title thereto in said original patentee at the time of his death.

SAME.—Where, to a complaint for the partition of real estate, wherein the plaintiff alleges a title based upon a deed, executed to his grantors by the original patentee, for a certain portion thereof, the defendant answers, alleging title in himself by virtue of a deed to his grantor for the whole of such real estate, but not naming such grantor, and averring that such conveyance was received without knowledge of plaintiff's title, and that the latter "stood by" and allowed defendant to make valuable improvements and pay the taxes thereon for a period less than twenty years, such answer is bad as a plea in bar.

SAME.—The fact that one of two tenants in common of a tract of real estate occupies, improves and pays taxes on the same does not give him title thereto by adverse possession, such possession being as and for both.

SAME.— *Unrecorded Deed.—Purchase from Heirs of Deceased Grantor.*—Where the complaint for partition of real estate avers title in the plaintiff by chain of title based upon a deed executed to plaintiff's grantors by the original patentee of such lands, an answer averring that the deeds to plaintiff's grantors were never placed on record, and that the defendant's

grantor had purchased the whole of such land from the heirs of the deceased patentee, is bad on demurrer for want of an allegation of ownership in such patentee at his death.

From the Elkhart Circuit Court.

*W. A. Woods,* for appellant.

*J. H. Baker* and *J. A. S. Mitchell,* for appellees.

BIDDLE, J.—Complaint in two paragraphs, by appellant against the appellees, for partition of lands. The first paragraph avers that appellant is the owner in fee-simple of the undivided one-half of the lands described, deriving his chain of title, through various links, from Jacob Puterbaugh, who was the original patentee of the land. Also alleging a chain of title to the remaining half, through various links, from the same patentee, in Sarah A. Tucker, who is the wife of Alba M. Tucker and the daughter of John H. Henry.

The second paragraph is the same as the first, at least we can perceive no legal difference between them. It is alleged in both paragraphs that John H. Henry is the immediate vendor of Sarah A. Tucker by an unrecorded deed; he is therefore made defendant to answer as to his interest.

Answer. First. General denial.

Second, third, fourth and fifth, special paragraphs. A demurrer to each special paragraph, alleging as ground the insufficiency of the facts stated, was overruled, and exceptions reserved.

The subsequent pleadings need not be stated. Trial by jury, verdict for appellees, and judgment on the verdict.

Within one year after judgment, the appellant made application, in writing, to the court, to vacate the judgment and grant him a new trial as of right under the statute. Upon motion of the appellees, this application was dismissed by the court, to the ruling of which the appellant excepted, filed his bill of exceptions, "and gave notice to the court of his intention to reserve said ques-

tion for the decision of the supreme court on the bill of exceptions only, under section 347." See 2 R. S. 1876, p. 177. This reserved question was not appealed to this court within one year after the application for a new trial was decided, but the case was appealed to this court within three years after the rendition of final judgment on the verdict.

The appellees move this court to dismiss the appeal in this cause:

First. For that said appeal was not taken within one year, as required by section 348, 2 R. S. 1876, p. 177;

Second. For that the appellant has blended and joined in one record two distinct final judgments in one appeal; and there is no separate record, and no separate certificate of the clerk to the correctness of the record and proceedings, in the original cause.

We are of opinion that the entire proceedings constitute but one case. The application for a new·trial could have no existence independent of the original judgment. Let it be conceded that the appeal from the decision of the court upon the reserved question was not taken within one year after it was rendered, this fact will not prevent an appeal from the final judgment on the verdict at any time within three years after its rendition. The motion to dismiss the appeal must be overruled.

The second paragraph of the answer contains the following averments, stated in brief: that on the 23d of September, 1829, the plaintiff executed a mortgage on the lands mentioned to George N. Martin, who assigned the mortgage to John Lamoree, who caused it to be foreclosed, and the land to be sold under the decree; that it was bought by Nathaniel Lamoree and John H. Marshall, who received the sheriff's deed therefor, which was recorded on the 18th day of October, 1851; that the defendants, from the 1st day of January, 1856, until the present time, have been in the continued, peaceable and uninterrupted adverse possession of all the real estate mentioned in the com-

plaint, as the absolute owners thereof, under the deeds of
conveyance from the heirs of the patentee thereof, in
good faith; and that said Lamoree and Marshall never
were in possession or occupancy of any part of said real
estate; that while the defendants were in possession as
absolute owners thereof, Lamoree and Marshall, on the
22d day of November, 1865, conveyed the lands to the
plaintiff; that said title is champertous and void. Where-
fore, etc.

We can not hold this paragraph sufficient. It is not
an answer to the complaint. Suppose the conveyance
from Lamoree and Marshall to be void for champerty, that
would simply leave the title still in Lamoree and Mar-
shall. It would give no right to the defendants; and the
adverse possession of the land by the defendants, as
averred, from the first day of January, 1856, to the com-
mencement of this suit, on the 15th day of September,
1869, without showing any title in the heirs of the paten-
tee, will not amount to a title in the defendants. Besides,
there is no claim of title in the complaint from Lamoree
and Marshall, and no averment in the paragraph of an-
swer that the title from Lamoree and Marshall is the
only title by which the appellant holds the land. The
title set up in the complaint is neither denied nor avoided
in this paragraph of the answer; it is therefore insuf-
ficient.

The third paragraph of answer sets up the following
facts: that the defendants derive title to the whole of the
land from the children and heirs at law of Jacob Puter-
baugh, "who died about thirty years ago in the possession
of said real estate; and that his heirs, namely, David,
Jacob and Andrew Puterbaugh, and Catherine Roe, his
daughter, went into possession of the whole of said tract
of land, claiming to be the owners thereof by descent
cast, and so remained in possession until 1855, when they
conveyed the same by warranty deed to Henry Jameson,
who went into possession of the whole of said tract of

land until 1859, when said Jameson conveyed the whole of said tract of land to defendant Henry, who has been in possession of the whole of said tract of land from that time until the present, as absolute owner thereof, improving the same and paying the taxes thereon."

This paragraph, as showing a chain of title, is defective in not averring title in Jacob Puterbaugh at the time he died in possession of the land. It is not inconsistent with the appellant's title alleged in the complaint, which shows a fee-simple derived from Jacob Puterbaugh, the original patentee. Jacob Puterbaugh might have conveyed the land as averred in the complaint, and afterwards died in possession of it, and the subsequent links of title might have followed, as stated in this paragraph of answer, without giving any title to Henry, as against the fee-simple derived from Jacob Puterbaugh to the appellant, as set out in the complaint. And the paragraph is defective in attempting to show a title by continued possession, because it does not aver it to have been adverse to the title alleged in the complaint. For any thing shown by the averments, the appellees might have held just such a title as they set up, and held it under the appellant. The third paragraph is insufficient. *Doe* v. *Brown*, 4 Ind. 143; *Winslow* v. *Winslow*, 52 Ind. 8.

The fourth paragraph is as follows: "that said Henry, in January, 1859, for a valuable consideration, purchased the entire tract of land mentioned in said amended complaint, took a warranty deed of conveyance therefor, and entered into the possession thereof, and that said plaintiff knew of said purchase and possession by defendant Henry, and, without disclosing any title thereto, stood by and suffered and permitted the defendant to expend a large amount of money in making lasting and valuable improvements thereon, by clearing up and improving the land, fencing the same and erecting and maintaining buildings thereon, and by paying the taxes and buying in tax-titles thereon accruing for more than fifteen years

past, amounting to the sum of three hundred dollars; and the defendants aver that they were ignorant of any title in the plaintiff, but that said expenditures were made and improvements placed on said premises in good faith, and in the full belief that the said title to the whole of said tract of land was perfect. Wherefore," etc.

In this paragraph, there is no allegation as to whom the vendor of Henry was, nor what title he had, if any, to the land. For aught that appears, he may have claimed under the owner of the other half of the land. The title in Henry, therefore, as it is alleged, amounts to no more than that of possession. The claim of the appellant is to an undivided half of the land, and the complaint admits that the title to the other half was in Henry until he conveyed it to Sarah A. Tucker, by the deed which remains unrecorded. Either tenant in common has the possession of the whole, and neither has the exclusive possession of any part. One tenant in common may make lasting and valuable improvements on the land, and a co-tenant can not prevent him, while such tenancy exists. We do not think, therefore, that the appellant, by the facts alleged in this paragraph, is estopped by "standing by" while the improvements were made, because he could not prevent them, although Henry claimed the entire property in the land. He was entitled to one undivided half, and therefore to joint possession of all until it was divided. This paragraph is not sufficient to bar the complaint. *Martindale* v. *Alexander*, 26 Ind. 104; *Stafford* v. *Nutt*, 35 Ind. 93. Perhaps such improvements could be taken into consideration in favor of the tenant who made them, at the time the land is partitioned; but as the paragraph is pleaded in bar, and not as a counter-claim asking affirmative relief, we do not decide the question.

The fifth paragraph of answer alleges the following facts: "that the pretended deed from Jacob Puterbaugh to Jacob Ellis, and the pretended deed from Jacob

Ellis to plaintiff, were never placed upon the record of deeds in Elkhart county, and that the defendant Henry, in good faith and for a valuable consideration, purchased the whole of said tract of land mentioned in said amended complaint, of Henry Jameson, who purchased the same from the heirs of Jacob Puterbaugh, deceased, who purchased the same from the United States; and that said conveyances from the heirs of Jacob Puterbaugh, deceased, to Henry Jameson, and from said Jameson to defendant, were duly recorded pursuant to law. Wherefore," etc.

This paragraph attempts to set up the rights of an innocent purchaser; but it is defective in not averring title in the heirs of Jacob Puterbaugh. Simply to show that they were "the heirs of Jacob Puterbaugh, deceased, who purchased from the United States," is not sufficient. There is no averment of ownership in Jacob Puterbaugh at the time of his death, nor of inheritance in his heirs. The vendors of Jameson might have been the heirs of Jacob Puterbaugh, and not have inherited the land in controversy. This defect, admitting that the appellees purchased and held in good faith for a valuable consideration, renders their title insufficient.

It is unnecessary to examine the subsequent pleadings.

The judgment is reversed, with costs, and cause remanded, with directions to sustain the demurrers to the second, third, fourth and fifth paragraphs of answer, and for further proceedings.