## UNFRIED *v.* HEBERER ET UX.

ESTOPPEL.—*Partition.—Married Woman.—Descent.—Effect of Judgment of Foreclosure by Default.—Widow.—Heirs.—Sheriff's Sale.—Pleading.—*In

an action by a married woman and her second husband, to obtain partition of lands descended from her deceased former husband, against one alleged to be the owner of the undivided two-thirds by virtue of a purchase by him at a sheriff's sale of such lands on a decree of foreclosure of a mortgage thereon, executed by the decedent, during the existence of such marriage relation, to a third person, the defendant answered, alleging that the plaintiff was estopped because of the facts, that, in such foreclosure suit, to which she and the children of such decedent were defendants, the complaint alleged that the defendants were "heirs" of the decedent, and that, on default, a decree of foreclosure was rendered, adjudging "that from and after" sale thereon "the equity of redemption of the said defendants be forever barred," etc.

*Held*, on demurrer, that the answer is insufficient.

*Held*, also, that a widow is not an "heir" of her husband, in the general sense of that term.

*Held*, also, that such judgment by default concluded the plaintiff only as to her rights as an alleged "heir," and not as the widow, of the decedent.

SAME —*Estoppel in Pais.*—An answer in such action, alleging as matter of estoppel, that the plaintiffs were both present at such sheriff's sale to the defendant, without disclosing their pretended title, and that they had received one-third of the purchase-money paid by the defendant, is insufficient on demurrer.

SAME.—*Subsequent Coverture.*—The rule, that a married woman can not divest her title to real estate by an estoppel *in pais*, applies with greater force to an attempt to estop her from claiming title to lands descended from a deceased former husband by means of matter *in pais* existing during a subsequent coverture.

SAME.—*Practice.—Demurrer Carried Back.*—The sufficiency of an answer is questioned by a demurrer questioning the sufficiency of a reply thereto.

From the Vanderburgh Circuit Court.

*A. Dyer* and *M. R. Anthes*, for appellant.

*S. R. Hornbrook*, for appellees.

NIBLACK, J.—This was a suit for partition by Anna Maria Heberer and her husband, Peter Heberer, against Peter Unfried.

It was shown by the first paragraph of the complaint, that the plaintiff Anna Maria was married to Andreas Roth in the year 1845; that in 1864 Roth died, leaving her, the said Anna Maria, as his widow, and the children whose names are given; that the said Roth, at the time of

his death, was the owner of a certain described tract of land containing forty acres lying in Vanderburgh county; that the said Anna Maria intermarried with the said Peter Heberer, her co-plaintiff, in 1865; that, as the widow of said Roth, the said Anna Maria became the owner in fee of one undivided third part of said real estate, and was still the owner thereof as a tenant in common with the defendant, who owned the remaining two-thirds of the same; that the defendant had purchased his interest in said real estate under a decree of the Vanderburgh Circuit Court, rendered in 1866, in an action to foreclose a mortgage on the same executed by said Roth on the 1st day of September, 1855, and while the said Anna Maria was his wife, said purchase having been made in 1867; and that the defendant claimed to be the exclusive owner of all of said real estate.

Prayer for partition and that the title of the said Anna Maria might be quieted.

There was a second paragraph of the complaint, but it was withdrawn before the issues were finally closed.

The defendant answered in three paragraphs:

1. That the plaintiffs were estopped from asserting any claim to said real estate, because, on the 28th day September, 1866, in an action in said Vanderburgh Circuit Court, in which one Anna Burkhart and others were plaintiffs, and the said Anna Maria Heberer, and her said children, and the said Peter Heberer, were defendants, for the purpose of foreclosing the mortgage executed by the said Roth and mentioned in the complaint, in which it was charged in the complaint in that action that the defendants were the *heirs* of said Roth, and in which the said Anna Maria was duly summoned as a defendant and made default, it was ordered and adjudged that said real estate be sold to pay said mortgage, and "that from and after such sale all equity of redemption of the said defendants be forever

barred and foreclosed," and on the 7th of January, 1867, the defendant had become the purchaser of said real estate at a sheriff sale, under said judgment of foreclosure, for the sum of eleven hundred dollars, and had received a sheriff's deed for said real estate, and was in possession under said deed, claiming the land as his own.

2.   That the plaintiffs were present at the sheriff's sale mentioned in the first paragraph of this answer, and encouraged and permitted the defendant to become the purchaser of said real estate without setting up any claim thereto on their part, thereby inducing the defendant to become such purchaser under the belief that he was acquiring, and had acquired, a perfect title to the whole of said real estate, and whereby the plaintiffs were estopped from setting up any claim to said real estate.

3.   That, because of facts set up substantially the same as in the second paragraph, with the additional allegation, that the plaintiffs had received one-third of the purchase-money paid by the defendant, the plaintiffs were estopped from asserting any claim to said real estate.

The plaintiffs separately demurred to each paragraph of the defendant's answer, and their demurrer was sustained to the first paragraph and overruled to the second and third.

The plaintiffs then replied to the second and third paragraphs:

1.   In general denial;

2.   That, at the time of the execution by the said Roth of the mortgage mentioned in the complaint, the said Anna Maria was the wife of the said Roth; that the said Roth departed this life in 1864, leaving her as his widow, and three children, still living; that, upon the death of the said Roth, the said Anna Maria became the owner by descent of one-third of the real estate in suit; that in 1865, and before the suit was brought to foreclose said mortgage,

the said Anna Maria intermarried with her co-plaintiff, Peter Heberer, who had ever since been her lawful husband, and that ever since the death of the said Roth she had been the owner of one-third of said real estate by virtue of her marriage with said Roth, and not otherwise.

The defendant demurred to the second paragraph of the reply, but his demurrer was overruled.

The plaintiffs thereupon withdrew the second paragraph of their complaint and the first paragraph of their reply, and the defendant standing on his demurrer to the second paragraph of the reply, judgment for the partition of said real estate was rendered, directing, amongst other things, that one-third in value of said real estate be set off to the said Anna Maria; and, the commissioners reporting that such real estate was not susceptible of partition without injury, an order for the sale of the same was made, and for a division of the proceeds, according to the respective rights of the parties as established by the judgment of partition.

The first question to which our attention is invited is that of the sufficiency of the first paragraph of the defendant's answer; and, in passing upon that question, we have only to decide whether the plaintiff Anna Maria was estopped by the judgment of 'foreclosure, to which she was a defendant, from setting up her claim, as widow of Andreas Roth, to the land in controversy.

In the complaint in the foreclosure proceeding, it was not alleged that she had joined in the execution of the mortgage, nor that the mortgage was given to secure the purchase-money of the mortgaged lands, nor was any other fact stated tending to negative her claim to such lands as widow of the deceased mortgagor. It was not even averred or shown in that complaint, that she was the widow of such mortgagor. The natural inference, from the allegation that she was one of the heirs of the mortgagor, in the connection in which it was made, would be, that she had

some inheritable interest in the mortgaged lands, which might or would be affected by the foreclosure of the mortgage, and not that any right she had as widow was attacked. A widow is an heir of her deceased husband only in a special and limited sense, and not in the general sense in which that term is usually used and understood. When the said Anna made default in the action for foreclosure, nothing was taken against her as confessed, nor could have been, which was not alleged in the complaint; and, as nothing was alleged hostile to her claim as widow, it follows that nothing concerning her claim as such widow was concluded against her by the judgment of foreclosure. This proposition we regard as too well founded in principle to need the citation of authorities to sustain it. See, however, *Helms* v. *Love*, 41 Ind. 210; *Fletcher* v. *Holmes*, 25 Ind. 458; *Minor* v. *Walter*, 17 Mass. 237.

A judgment by default is conclusive of all that is properly alleged in the complaint, but nothing more; and, as a general rule, only upon the defendant in the character in which he is sued.   Bigelow Estoppel, 65; Herman Estoppel, 191; *Cronan* v. *Frizell*, 42 Ill. 319; *Mansfield* v. *Hoagland*, 46 Ill. 359.

We are, therefore, of the opinion, that the court did not err in sustaining the demurrer to the first paragraph of the answer.

There is a question between counsel as to whether the plaintiffs' demurrer to the second and third paragraphs of the answer was overruled or not, owing to some obscurity in the record; but, as the defendants demurrer to the second paragraph of the reply necessarily raised the question of the sufficiency of those paragraphs, we will assume that the demurrer to them was overruled.. *Batty* v. *Fout*, 54 Ind. 482; Buskirk's Practice, 179; *Wiley* v. *Howard*, 15 Ind. 169.

This court has recently decided that a married woman

can not divest her title to real estate by an estoppel *in pais.* *Behler* v. *Weyburn*, 59 Ind. 143.

This rule, we think, if possible, applies with greater force to a married woman, under the coverture of a second marriage, as regards lands descended to her as the widow of her first husband, which she is incompetent to convey, even with the concurrence of her second husband. *Knight* v. *McDonald*, 37 Ind. 463; *Vinnedge* v. *Shaffer*, 35 Ind. 341; 1 R. S. 1876, p. 411, sec. 18; *Schlemmer* v. *Rossler*, 59 Ind. 326.

, We are, therefore, constrained to hold, that both the second and third paragraphs of the answer were bad on demurrer.

This conclusion renders it unnecessary that we shall consider the sufficiency of the second paragraph of the reply, as it is a well settled rule of practice, that a bad reply is good enough for a bad answer.

We see no error in the record.

The judgment is affirmed, at the costs of the appellant.