No. 7918.

## NICHOLSON ET AL. *v.* CARESS.

PLEADING.—*Answer in Denial.—Legal Conclusion.—Inconsistent or Contrary Facts.*—An answer in denial must be, not an averment of a legal conclusion, but a direct denial of the facts stated in the complaint, or, if argumentative, it must be by the averment of inconsistent or contrary facts.

SAME.—*Tenancy in Common.— Partition.—Complaint.—Answer.—Adverse Possession.*—In a proceeding for partition, the complaint showing a tenancy in common between the parties, a paragraph of answer not denying the tenancy in common and averring fifteen years' sole, exclusive and undisputed possession, "under claim and color of title, openly, notoriously, continuously and adversely to every other claim or title whatsoever," does not constitute a good defence to the alleged cause of action, on demurrer.

SAME.—Such averments simply mean that the defendant, as a tenant in common, was holding for the benefit of himself and co-tenants, adversely to all other claims.

SAME.—*Ouster.*—In such case, an allegation of actual ouster, or the equivalent, is necessary to show a holding adverse to the co-tenant.

PRACTICE.—*Judgment.—Finding.—Verdict.*—Where there are issues of fact in a case, neither party can have a judgment in his favor, unless he has a finding or verdict to support it.

From the Washington Circuit Court.

*S. B. Voyles*, for appellants.

*A. B. Collins*, for appellee.

WOODS, J.—Action by the appellants against the appellee for the partition of real estate. It is assigned for error that the circuit court erred: 1. In overruling the demurrer to the sixth paragraph of answer; 2. In overruling the motion of the appellants for a new trial; and, 3. In overruling their motion for a judgment in their favor upon the finding of the court.

This is the third appeal in this case. See the opinions in *Nicholson* v. *Caress*, 45 Ind. 479, and *Nicholson* v. *Caress*, 59 Ind. 39, from which the nature of the case and the facts involved may be learned. The complaint remains unchanged; but, instead of the answers and cross complaint brought here on

the former appeals, the appellee was permitted to file an answer in six paragraphs, and a cross complaint in two paragraphs, to all of which the plaintiff responded by a general denial, and by a special plea to the cross complaint. Trial by the court, and finding as follows, viz. : "The court finds in favor of the plaintiff upon all the special answers and cross complaints of the defendants herein except as to the second, third and sixth paragraphs of answer herein. Upon the issues formed upon the second amended complaint, and the second, third and sixth paragraphs of answer and the plaintiff's reply thereto, the court finds for the defendant, and the finding herein for the defendant is based solely on the fact that said second, third and sixth answers are true."

The sixth paragraph of answer, whose sufficiency upon demurrer for want of facts must be determined, is as follows :

"6th. And said defendant, for further and sixth answer to the plaintiffs' complaint, denies that any tenancy in common has existed between himself and plaintiffs in the said lands, and ( — ) that for fifteen years last passed he, defendant, and those under whom he claims title, have been in, and held, sole, exclusive and undisputed possession of the real estate in the complaint mentioned, under claim and color of title, openly, notoriously, continuously, and adversely to every other claim or title whatsoever.

It may be observed that this paragraph affirms nothing. It contains only the one verb, *denies*, and, literally construed, denies any tenancy in common, and denies that, for fifteen years last passed, the defendant had been in the adverse possession of the land. It may be conjectured that the pleader's meaning would be expressed by supplying the word *avers* in the place indicated by the parenthesis. So interpreted the answer is not good. The complaint states facts which, as this court on the former appeals held, show a tenancy in common between the parties. Without denying these facts,

the answer denies the deduction therefrom. This is equivalent to averring a legal conclusion only, and is not a permissible mode of pleading. The facts stated in the complaint must be directly denied, or, if the denial be argumentative, it must be by the averment of inconsistent or contrary facts. *Stoddard* v. *Johnson*, 75 Ind. 20. The answer must therefore be considered without reference to the denial of the cotenancy, and as admitting the alleged title of the plaintiff ; and, so considered, it does not show a good defence to the alleged cause of action. When a co-tenant alleges that he has been in the sole and exclusive possession, holding under claim and color of title, openly, notoriously, continuously and adversely to any other claim or title, it means simply that he was in, as he had a right to be, under his title as a tenant in common, holding for the benefit of himself and co-tenants, adversely to all other claims. If he desires to show that he was holding adversely to his alleged co-tenant, he must allege an actual ouster or the equivalent. This doctrine is well settled, and has been repeatedly recognized and enunciated in the decisions of this court. *Sanford* v. *Tucker*, 54 Ind. 219 ; *Bowen* v. *Preston*, 48 Ind. 367 ; *Nelson* v. *Davis*, 35 Ind. 474; *Jenkins* v. *Dalton*, 27 Ind. 78 ; *Manchester* v. *Doddridge*, 3 Ind. 360.

The appellants urge that, besides reversing the judgment of the circuit court, we shall order a judgment for them, insisting that, upon the pleadings and evidence, such an order would be proper. We think otherwise. Whatever the evidence may be, there is no finding upon which such a judgment can rest, and where there are issues of fact in a case, neither party can have a judgment in his favor unless he has a finding or verdict to support it.

The judgment is reversed, with costs, and with instructions to sustain the demurrer to the sixth paragraph of answer.