## RICHCREEK v. RUSSELL ET AL.

[No. 5,213. Filed December 7, 1904.]

1. EJECTMENT.—*Title.—Burden of Showing.—General Denial.—Defenses Admissible Under.*—In ejectment the plaintiff must recover upon the strength of his own title, and, if he claim under a sale on execution, he must show a valid judgment, execution or decree and deed, and any defense, legal or equitable, under the statute, may be given under the general denial. p. 227.

2. JUDGMENT.—*Facts Included not Alleged in Complaint.—Validity.*—Where a complaint contains no allegation as to the indivisibility of real estate involved in an action, but the plaintiffs, on defendants' default, take judgment showing such real estate to be indivisible, and ordering a sale of the whole property, such part of such judgment is void, since only the traversable averments are admitted on default, and such question was not in issue. p. 228.

3. SAME.—*Invalid in Part.—Amount Too Great.—Costs Too Much.—Validity of Sale Thereunder.*—Where real estate was sold under an invalid order directing it to be sold as a whole, and the court finds such real estate was susceptible of division, and where such judgment was rendered for a greater sum than allowed by statute, and the costs of such suit were improperly taxed too high, a sale made under such conditions was void. p. 228.

4. SALES.—*Execution.—Inadequacy of Consideration.*—Where real estate of the value of $3,800 is sold on execution sale for $39.17, such sale can not be upheld, since the consideration is inadequate. p. 229.

5. JUDGMENT.—*Setting Aside.—Excusable Neglect.*—Where a defendant was sued for the enforcement of a street assessment lien, and pending such action she sent her husband to pay off such sum as might be due and the husband called upon plaintiff's attorney and asked to pay such sum, with others, but by oversight plaintiff's attorney failed to include the assessment upon defendant's lot, and the defendant supposed such assessment had been paid until after the year of redemption had expired, she was entitled to have such judgment set aside for excusable neglect. p. 229.

6. DEEDS.—*Tax Sales.—Validity.—Evidence.*—Where plaintiff claims title by virtue of a tax deed and it is shown that defendant lived in the county and had personal property in the county sufficient to pay such taxes; that the treasurer of said county never made any demand upon her for payment of such delinquent tax; that such treasurer never filed any affidavit that a demand was made; that the auditor of such county did not post notices of such sale at the courthouse door or in the county where such property was situated, such tax deed is insufficient to convey title, but, by statute, does convey the

lien of the State for such taxes, the tax-title deed being but *prima facie* evidence of the facts therein set out and the regularity of such sale. p. 229.

7. JUDGMENT.—*Collateral Attack.—Superior Court.—Three Rooms.— Whether Rooms Constitute One or Separate Courts.*—The Superior Court of Marion County is but one court, though consisting of three judges, holding court in separate rooms, and a judgment rendered in one room may be the subject of a direct attack in another room. p. 230.

8. SAME.—*Collateral Attack.—Cross-Complaint.*—Where a judgment is rendered and the plaintiff therein brings another suit, involving matters pertaining to such judgment, in the same court, the defendant may, by cross-complaint, attack the validity of such judgment, such cross-complaint being in the nature of an independent action, and a direct attack on such judgment. p. 231.

9. LIENS.—*Sale of Property in Payment.—Consideration.—Public Policy.*—Where a lienee forecloses his lien and at the sale becomes purchaser of the property of the value of $3,800 for $700, such sale will be set aside, since it is contrary to the policy of the law to permit property to be taken without reasonable compensation. p. 231.

From Superior Court of Marion County (63,492); *V. G. Clifford,* Judge *pro tem.*

Action by Seth M. Richcreek against Mary K. Russell and another. From a decree for defendant Mary K. Russell on her cross-complaint, the plaintiff appeals. *Affirmed.*

*J. W. Harper,* for appellant.
*J. T. Lecklider* and *D. A. Myers,* for appellees.

COMSTOCK, C. J.—This action is founded on a complaint in ejectment, and was commenced by the appellant as plaintiff, and tried in room two of the Marion Superior Court, the Hon. Vincent G. Clifford presiding *pro tem.*

The appellant claims that he is the owner in fee simple of the real estate described in the complaint, and, as such owner, is entitled to possession. He claims title by reason of two delinquent tax deeds and a sheriff's deed. The sheriff's deed rests on a decree and sale in cause No. 59,969, tried in room one of the Marion Superior Court. Appellee Mary K. Russell claims that each of these deeds is invalid, and that she owns said real estate. Mrs. Russell,

as defendant, filed a general denial, and subsequently, at different times, filed four paragraphs of cross-complaint, to the first of which a demurrer was overruled and an exception entered. There was a special finding of facts. The appellant claims that nothing appears in any or all of these cross-complaints or in the special findings that can defeat his title by either of the tax deeds or the sheriff's deed, and that her claim of defense to the sheriff's deed, whether in these cross-complaints or in the special findings, is in the way of a collateral attack on a judgment in another action commenced and tried in another court of undisputed jurisdiction and the sheriff's sale and the deed made in pursuance of such judgment.

In her paragraph of cross-complaint, Mrs. Russell alleges that she owns the real estate in question; that the appellant's claim of title rests on a sheriff's sale to him under a decree of the Marion county superior court in cause No. 59,969, room one, in favor of the Marion Bond Company; that at the time of such judgment plaintiff had no legal existence; that before said decree was rendered her husband inquired of appellant, who was the manager and attorney for said company, as to assessments against her said real estate and other lots owned by her; that the appellant gave him a statement of the assessments against his property, which he paid, informing him that said company held no other assessments against either of them; that, relying on this information, she paid no further attention to said cause No. 59,969; that by oversight and negligence the appellant failed to include her said real estate in said statement; that said real estate was worth $4,000, and was sold under said decree for $5.13 and costs, of which sale she had no knowledge until the year for redemption had expired; that by reason of these facts the judgment of foreclosure is illegal and void, and should be set aside, and that she be allowed to defend against said claim.

The second paragraph of cross-complaint was filed on the

2d day of October, 1902, within two years after judgment was rendered in said cause No. 59,969. The Marion Bond Company, trustee, and appellant Richcreek were made parties. She seeks to be relieved from said judgment, on the ground of inadvertence, surprise and excusable neglect, under §399 Burns 1901, §396 R. S. 1881. It is also alleged that the judgment in said cause No. 59,969 is a nullity for the reason that the Marion Bond Company had no legal existence.

The third paragraph of cross-complaint was filed the 28th day of April, 1903. In said paragraph the facts stated in said first and second paragraphs are substantially repeated, and in addition it is alleged that the decree in said cause No. 59,969 was for $10.15 and costs, and on its face shows for a much larger sum than was due under the law, and as thus rendered is in fraud of her rights; that the appellant, either by oversight, or with the intention to defraud her out of her property, omitted to state to her husband that the alleged corporation held the alleged assessments against her; that the judgment and decree upon the face of the public record shows that the same was illegal and void, and under the same sale was made to the appellant; that within a year after the sale her husband redeemed the real estate from the sheriff's sale, but if there is any balance required to effect a complete redemption it is because the appellant fraudulently omitted to state to her the full amount required for that purpose; that, in any event, on the 24th day of December, 1901, prior to the expiration of the year of redemption, she paid said Richcreek a part of the money so to redeem it, and that, in good conscience and equity, she should be allowed to complete the redemption by paying the balance; and that the sheriff's deed should be held void for these reasons, and set aside.

In her fourth paragraph of cross-complaint the only new matter contained is that the sheriff made an attempt to sell said real estate, which sale is illegal and void for the

reason that the sheriff did not offer to sell the same in parcels, but only offered the entire lot, the value of which was far in excess of the amount of said judgment, being worth $4,500; that said lot was susceptible of division, and forty feet could have been sold off the west end, which was worth $20 a front foot, without injuring the balance of the property, which would be more than sufficient to pay said judgment; that appellant had full knowledge of the fact that said lot was susceptible of division; that she had no knowledge of the sale until after the year for redemption had expired; and that her husband paid said judgment before said time.

The prayer to each paragraph may be generally stated as asking that the judgment be declared null and void and set aside; that appellee be permitted to pay appellant's claim with interest, etc.; that her title to the property in question be quieted, and for other proper relief. The case was put at issue by general denial of the first, second, third and fourth paragraphs of said cross-complaint.

The court made in substance the following special finding of facts: In the year 1883 the defendant Mary K. Russell, wife of the defendant Isaac Russell, became owner in fee simple of the real estate described in the complaint, from which time to the present she and her codefendant have been in possession of and occupying the same as a residence; that said lot is located at the southwest corner of Seventeenth street and Ashland avenue, in the city of Indianapolis; that the value of the whole of said lot and improvements is now, and has been for three years last past, $3,800; that the west portion of said lot is worth $15 per front foot, fronting on Seventeenth street; that said lot is susceptible of division, and could have been sold in parcels without material injury to the value of the whole; that the taxes against said real estate for the years 1895, 1896 and 1897 were not paid and became delinquent, and for said delinquent taxes said real estate was sold on the

11th day of February, 1898, to William B. Austin at a
delinquent tax sale for $137.43—$2 being for poll-tax
assessed against Isaac Russell—and the auditor of said
Marion county executed to him a certificate of purchase;
that on the 25th day of August, 1900, said real estate not
having been redeemed, said auditor executed to said Austin
a tax deed conveying said real estate to said Austin; that
said deed was duly executed, and was recorded in the re-
corder's office of said county before delivery, and the fee
for recording the same was paid by said William B. Aus-
tin; that said deed was in the form provided by law, as
nearly as the case would admit; that on the 28th day of
February, 1902, the said Austin and his then wife, for a
valuable consideration, conveyed said real estate to the
plaintiff by a quitclaim deed, which was duly recorded on
the 1st day of March, 1902, in the recorder's office of said
county; that the taxes against said real estate for 1898 and
1899 were not paid and became delinquent, and for said
last-named delinquent taxes said real estate was again sold
at a delinquent tax sale to H. E. Fosdick on the 12th day
of February, 1900, for $92.37, and the auditor of said
Marion county executed to him a certificate of said pur-
chase; that afterwards said Fosdick assigned said certificate
to the plaintiff, who, on the 13th day of February, 1902,
produced the same to said auditor, and thereupon said
auditor executed to the plaintiff a deed of conveyance of
said real estate; that said last-named tax deed was duly exe-
cuted by said auditor and witnessed by the then treasurer
of said county, and was recorded in the recorder's office of
said Marion county before delivery, and the fee for record-
ing the same was paid by the plaintiff, and the same was in
form as provided by the tax law of the State, as nearly as
the case would admit.

That the said Richcreek paid the following amounts,
additional taxes, upon said lot, to wit:   On January 23,
1902, tax for 1900, amount, $48.81; on April 26, 1902, the

first half of the taxes for 1901, amounting to $21.84; on October 21, 1902, the second half of the taxes for 1901, amounting to $21.84; on April 11, 1903, the first half of the taxes for 1902, amounting to $25.59; that in addition to the taxes he also paid municipal assessments for sewer and street improvements against said lot: On February 10, 1901, $36.36; April 15, 1902, an assessment for $24.90; January 20, 1903, an assessment of $4.22; that said real estate was not redeemed from said last-named tax sale; that the defendant Mary K. Russell is, and at all times for more than twenty years has been, the owner in her own right and in possession of personal property of the value of $600, consisting of piano, household goods and furniture, located in said residence on said lot occupied by her; that the treasurer of said Marion county has never in person or by deputy made any demand upon her for the payment of any delinquent taxes, due from her on the sale set out in said findings; that there was no affidavit or verified statement in the treasurer's office showing that any demand was ever made upon her for the payment of delinquent taxes, or for the distraint of her personal property therefor; that when the delinquent list was made by the auditor, upon which said tax sale occurred, no affidavit or verified showing was made or presented by the auditor that any call had been made or notice given to Mary K. Russell of delinquent taxes, or any demand for personal property for the payment of the same, or that the treasurer of said county had diligently sought for and had been unable to find any personal property from which to collect said taxes; that the auditor of said county did not post or cause to be posted at the door of the court-house, or anywhere else in Marion county, any notice whatever of the delinquent tax sales herein found; nor was any notice posted in said county showing that the lot in question was delinquent for nonpayment of taxes, or that Mary K. Russell owed any taxes whatever, or that

her property was liable for sale for any tax claims due thereon for any or either of the years of sales for which said lot was sold for taxes.

That the plaintiff Seth M. Richcreek, acting as the attorney for the Marion Bond Company, trustee, and who was also president of said company, as such attorney, commenced an action in the Superior Court of Marion county, Indiana, on February 2, 1900, wherein the Marion Bond Company, trustee, was plaintiff, and Minnie A. Boyd, Francis M. Stoop, Mary K. Russell and others were defendants, said cause being No. 59,969; that said cause was brought for the purpose of enforcing a sprinkling assessment against separate pieces of property owned by the defendants severally; that all of said defendants were notified of the pendency of said action by service of summons except the defendant Francis M. Stoop; that on October 18, 1900, the plaintiff in said cause dismissed the same as to all of said defendants except Mary K. Russell, Isaac Russell and Francis M. Stoop, and that no part of the court costs in said action was taxed against the plaintiff the Marion Bond Company, trustee, as the result of the dismissal aforesaid; that on said 18th day of October, 1900, a judgment was rendered in said cause against said lot number nine owned by Mary K. Russell, and enforcing a sprinkling assessment against the same, as shown by said decree, amounting to the sum of $5.13, and the further sum of $5.73 as attorney's fees thereon; that the judgment in said cause No. 59,969 was rendered upon the default of all the defendants; that the complaint in said cause contained no allegations or averments that said lot number nine was not susceptible of division, or that it could not be sold in parcels, but that the decree rendered found that said lot number nine was not suspectible of division, and that it should be sold as a whole, without relief from valuation or appraisement laws; that said decree did not find the amount of the costs or apportion them among the several

defendants and the plaintiff; that a certified copy of the decree was issued to the sheriff of Marion county, and on January 19, 1901, the sheriff sold lot number nine as a whole, without first offering a less portion of the same, to the plaintiff in this action, Seth M. Richcreek; that at the time said Richcreek purchased said property at said sheriff's sale he was, and always has been, the attorney for the plaintiff in that cause; that the clerk of the court erroneously and inadvertently taxed the costs against said lot number nine, owned by Mary K. Russell, at $26.36, whereas the proper amount of costs that should have been taxed by the clerk was $16.50; that the sheriff's sale was made for a sum in addition to the judgment and costs properly taxed of $9.86 wrongfully and erroneously taxed.

That, a short time prior to the rendering of the judgment in said cause No. 59,969, the defendant Isaac Russell, acting for himself and his wife Mary K. Russell, visited the office of the plaintiff Richcreek, and made inquiries as to the amount of assessments which he, the said Richcreek, had, either for himself or the Marion Bond Company, against his property, meaning thereby to inquire for all assessments against himself and his wife, and supposing he was so understood; that said Richcreek, in response to such request, gave him the amount of the assessments against his property individually, which was paid; that the Russells, believing that they had paid the assessments due upon the property in said cause No. 59,969, paid no further attention to the action; that neither of the Russells had any actual knowledge of the rendition of the judgment against said lot, and had no actual knowledge of the sheriff's sale in such judgment, until after the year for redemption had expired; that the plaintiff purchased the real estate described in the complaint at the sheriff's sale on the 12th day of January, 1900, for $37.19, and, having paid the amount of the bid, the sheriff executed and de-

livered to him a certificate of sale of said real estate in due form, said real estate being at that time worth $3,800; that on the 21st day of January, 1902, said property not having been redeemed, the sheriff of Marion county executed and delivered to Seth M. Richcreek a sheriff's deed conveying to him the real estate described in the complaint; that said deed was in due and legal form, and duly recorded in the office of the recorder of Marion county on the 29th day of January, 1902; that the rental value of said real estate on and since the 21st day of ———, 1902, has been $20 per month, making a total sum to date of $———; that plaintiff has not transferred or conveyed his interest in said real estate; that before this action was commenced the plaintiff demanded of both the defendants possession of the real estate.

Upon the foregoing finding of facts the court stated conclusions of law as follows: (1) That said tax deeds are insufficient to convey a fee simple title to the grantee; (2) that the plaintiff Seth M. Richcreek holds a good and valid lien against the property described in the complaint for taxes paid, penalties, interest, expenses necessarily incurred in the execution and recording of deeds, and street and sewer assessments paid by him, in the sum of $665.15; (3) that the sheriff's sale made in cause No. 59,969 is illegal and void, and should be set aside, annulled and held for naught; (4) that the cross-complainant Mary K. Russell, upon the payment of the sum due to the plaintiff, under his tax liens and said judgment, within sixty days, is entitled to have the title to said lot described in the complaint quieted in her; (5) that upon such payment a commissioner shall be appointed in this cause to convey by deed to her whatever apparent interest said Richcreek may hold against said lot by virtue of said tax debts.

Upon the foregoing conclusions of law, the court rendered judgment in substance as follows: That the tax deeds are invalid and convey no title to the respective grantees; that the appellant holds a lien against said real estate on

account of said tax sales and deeds, for taxes, interest, etc., in the sum of $665.15; that the sheriff's sale made under the decree in said cause No. 59,969, so far as it affects said real estate, is illegal and void, and is set aside; that the appellant holds a valid lien against said real estate by reason of the judgment and cost in said cause No. 59,969, and that Mary K. Russell be and is permitted to satisfy said judgment by paying the amount thereof, with interest and costs, within sixty days; that on paying the costs of this proceeding, and said $665.15, and interest thereon, and the sum required to satisfy the judgment, interest and costs in said cause No. 59,969, within sixty days after the rendition of this judgment, Mary K. Russell shall be entitled to have the title to said real estate quieted in her, and if she fail to pay these liens within sixty days said real estate shall be sold to satisfy the same.

Appellant claims that the trial court erred: (1) In overruling his demurrer to the first paragraph of the cross-complaint; (2) in the first, third and fourth conclusions of law; (3) in sustaining appellees' motion for a judgment; (4) in adjudging that said tax deeds are invalid; (5) in adjudging that said sheriff's sale is illegal and should be set aside, and that Mary K. Russell be permitted to satisfy the judgment under which said sale was made by paying the amount due, with interest and costs thereon, within sixty days; (6) in adjudging that Mary K. Russell, on paying said sum of $665.15, and interest thereon, and the costs of this proceeding, and the sum required to satisfy said judgment, interest and costs, rendered in cause No. 59,969, within sixty days after the rendition of this judgment, shall be entitled to have the title to said real estate quieted in her.

1. Appellant must recover, if at all, upon the strength of his own title. §1069 Burns 1901, §1057 R. S. 1881. The burden is upon him to show his title. "To prove title by sale on execution, or order of sale, the purchaser must

show a valid judgment, an execution or order of sale, and deed." *Indianapolis, etc., R. Co.* v. *Center Tp.* (1895), 143 Ind. 63, and cases cited. In an action of ejectment under an answer of general denial "the defendant shall be permitted to give in evidence every defense to the action that he may have, either legal or equitable." §1067 Burns 1901, §1055 R. S. 1881. Under this provision of the statute appellees had the right to attack the judgment by virtue of which the sheriff's sale was made, and show that it was invalid.

2. The special findings show that the judgment in said cause No. 59,969 was rendered on default against appellees; that the complaint did not allege that the lot in question was not susceptible of division, or that it could not be sold in parcels, but the decree provided that the property should be sold as a whole, and that it was not susceptible of division. Only traversable averments in a complaint are admitted by default. *Briggs* v. *Sneghan* (1873), 45 Ind. 14; *Unfried* v. *Heberer* (1878), 63 Ind. 67. A judgment on matters not in issue is erroneous. *Koons* v. *First Nat. Bank* (1883), 89 Ind. 178. Every fact on which a judgment rests must be averred. *Day* v. *Watts* (1884), 92 Ind. 442; *Nicholson* v. *Caress* (1881), 76 Ind. 24. It follows that that part of the decree in said cause No. 59,969 directing said lot to be sold as a whole was without the issue, and that the sale as a whole, without offering the same in parcels, was illegal and void. *Bardeus* v. *Huber* (1873), 45 Ind. 235.

3. It is specially found in the case at bar that said lot is susceptible of division, and that sixty-five feet of the rear thereof is more than sufficient to pay the amount of the claim in suit. As the judgment rendered was for an amount greater than that allowed by statute, and the sale made for a sum in addition to the judgment and costs properly taxed of $9.86, costs wrongfully and erroneously

taxed, this makes said sale void. *Key* v. *Ostrander* (1867);
29 Ind. 1; *Vail* v. *McKernan* (1863), 21 Ind. 421.

4.   Property of the value of $3,800 was sold for $39.17.
In *Banks* v. *Bales* (1861), 16 Ind. 423, real estate of the
value of $500 was sold for less than $50, and the court held
that the sale could not be upheld.

5.   The facts found show such mistake, inadvertence,
surprise or excusable neglect as warranted the trial court in
setting aside the sheriff's deed under §399 Burns 1901,
§396 R. S. 1881.

6.   Appellant's claim of title through the tax deeds can
only be upheld upon the ground that the law has been com-
plied with.   A tax deed is only *prima facie* evidence of the
regularity of the sale of the premises.   §8624 Burns 1901,
§6473 Horner 1901, Acts 1891, p. 199, §206.

Where the law is not complied with, the sale conveys no
title.   Where there is personal property primarily liable for
the payment of taxes, it must be exhausted before proceed-
ing against the real estate.   *Hannah* v. *Collins* (1884), 94
Ind. 201; *Morrison* v. *Bank of Commerce* (1882), 81 Ind.
335; *Schrodt* v. *Deputy* (1882), 88 Ind. 90; *State, ex rel.,*
v. *Casteel* (1887), 110 Ind. 174; *Millikan* v. *Patterson*
(1883), 91 Ind. 515.

Section 8571 Burns 1901, Acts 1891, p. 199, §153, enu-
merates the specific duties of the county treasurer and
county auditor with reference to demand and distraint of
personal property for collecting taxes, namely: (1) Make
a delinquent list; (2) list must be certified to be correct;
(3) must call on every taxpayer, and demand payment and
distrain personal property, etc.; (4) if unable to collect,
must make return showing diligent search.

Section 8572 Burns 1901, Acts 1891, p. 199, §154, for-
bids the county auditor to credit the county treasurer with
any uncollected delinquencies unless the treasurer shall
show by return, verified by his oath, that he diligently
sought for personal property to pay the tax.

Sections 8601, 8602 Burns 1901, Acts 1891, p. 199, §§183, 184, declare the duty of the auditor in making delinquent lists, and require him to certify to the correctness thereof, and to cause a copy of such list to be posted on the door of the court-house, and also in some public and conspicuous place in each township, and to state the time and terms of sale, etc. The special findings show that none of these requirements of the statute have been complied with.

A tax deed vests title only when all of the requirements of the law have been complied with by the proper officers charged with the duty of assessing and collecting taxes. *Earle* v. *Simons* (1884), 94 Ind. 573. The law distinguishes between sales that are void and those that are ineffectual to convey title. "Our cases uniformly hold·that if a taxpayer has personal property, a sale of his real estate is ineffectual to convey title, but is effectual to transfer the lien. *State, ex rel.,* v. *Casteel, supra.* See §§8640, 8641 Burns 1901, Acts 1891, p. 199, §§222, 223.

7. Counsel for appellant contends that the judgment attacked by the cross-complaint, being rendered in room one of the superior court of Marion county, was rendered in another and separate jurisdiction from room two, in which the attack was made. There is but one superior court in Marion county. It consists of three judges. §1395 Burns 1901, §1342 R. S. 1881. Sections 1400-1404 Burns 1901, §§1347-1351 R. S. 1881, relate to the terms, adjournments and jurisdiction of but one court. Section 1409 Burns 1901, §1356 R. S. 1881, provides that when any superior court consists of more than one judge there shall be held general and special terms; that a general term may be held by a majority of the judges and a special term by any one or more of them, and general and special terms, or one or more of them, may be held at the same time as the judges of the court may direct, and whenever such term or terms are held they shall be taken and deemed to be held by the authority and direction of the judges. The court is not

changed by a change of judge or judges, nor its jurisdiction thereby affected.

8. The cross-complaint is in the nature of an independent action and a direct attack upon the judgment. Appellee's right is the basis of a cross-action. The difference between a complaint and a cross-complaint is that the former is filed by the plaintiff and the latter by the defendant.

Appellant claims that the trial court was without authority to give appellee sixty days in which to pay the judgment entered. This action was warranted by §8641 Burns 1901.

The special findings have been set out at perhaps greater length than absolutely necessary. This has been done for the purpose of more clearly showing the features of the case than would appear from a briefer summary, and renders extended comment upon the facts unnecessary.

9. The trial court reached a correct conclusion, the record disclosing no reversible error. The dispossession of the appellee of her home under the circumstances would be a reproach to the law. The judgment provided for the payment to appellant of all that he had invested, with interest thereon. It does not and should not give him property of the value of $3,800 for less than $700.

Judgment affirmed.